**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEPHON HARRIS,**

                            **Plaintiff,**

    vs.                                              **1:13-CV-893**
                                                          **(MAD/CFH)**
**NEW YORK STATE DEPARTMENT OF**
**TAXATION,**

                            **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**STEPHON HARRIS**
9 Division Street
Glens Falls, New York 12801
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **KEVIN M. HAYDEN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff, a former employee of the New York State Department of Taxation, commenced this action on July 30, 2013. Plaintiff alleges that Defendant participated in discriminatory conduct with respect to his race and disability by failing to promote him, setting unequal terms and conditions of his employment, retaliating against him and displaying a pattern of racial intolerance, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* Plaintiff seeks

both a declaratory judgment and monetary damages. *See* Dkt. No. 1. On July 30, 2013, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*, which was granted the following day. Dkt. Nos. 2, 3. Presently before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(6), 10(b) and 8 of the Federal Rules of Civil Procedure. Dkt. No. 10. Plaintiff has opposed this motion. Dkt. No. 14.

## II. DISCUSSION

Defendant raises two arguments in support of its motion to dismiss Plaintiff's Complaint in its entirety. Defendant first argues that Plaintiff's Complaint fails to conform to the basic pleading requirements of Fed. R. Civ. P. 8 ("Rule 8"). Defendant notes that Rule 8 requires that "each averment of a pleading shall be simple, concise, and direct" in order to provide the defendant with notice of the claims being brought against him or her. *See* Fed. R. Civ. P. 8; *Pickering-George v. Landlord Mgmt.*, No. 11 CV-3273 (JS)(ETB), 2001 Dist. LEXIS 94228, *7 (E.D.N.Y. Aug. 19, 2011). Similarly, Defendant also argues that Plaintiff's Complaint fails to comply with the organizational requirement of Fed. R. Civ. P. 10(b), which provides that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) ("Rule 10").

With respect to the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, the Second Circuit has stated as follows:

> Rule 8 Provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. *See e.g.*, *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980); 2A Moore's Federal Practice ¶ 8.13, at 8–61 (2d ed. 1987). The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material

2

> from a mass of verbiage." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969).
>
> When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. *See Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. *See generally* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 366–67; 2A Moore's Federal Practice ¶ 8.13, at 8-81 to 8-82 n. 38.

*Salahuddin v. Cuomo*, 861 F.2d 40, 41–42 (2d Cir. 1998); *see also Onwuka v. Taxi Limousine Comm'n*, No. 10-CV-5399 (SLT)(LB), 2014 WL 1343125, *3 (E.D.N.Y. March 31, 2014) (stating that "[w]here a *pro se* plaintiff's complaint fails to comply with Rule 8's pleading conventions, a district court should not dismiss the action 'without granting leave to amend at least once . . .'") (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

In the present matter, Plaintiff contends that both before and during his employment with Defendant, he experienced discrimination from his superiors and co-workers with respect to his race and disability. Dkt. No. 1. Throughout the "Facts" section of the Complaint, within a single paragraph spanning over two pages, Plaintiff relays various incidents where he felt that Defendant's conduct violated his rights, while also alleging that he has experienced discrimination with every job he has held with the State of New York. *See, e.g.,* Dkt. No. 1 at 7 ("But the truth be said Mr. Spring also conducted himself in a manner that could be consider Racist and Harassing. There are many incident were I was accused of things that I did not do"); *id.* at 8 ("What more do I have to do or say, that every time I would for the NY State I am confronted by Racism and I had 4 different job at 4 different Dept but one thing is true about all of them they

3

have Racist working there in Management as well as non-management"). Plaintiff also includes four attachments to the Complaint, two of which appear to be further allegations of discrimination that Plaintiff has experienced while employed by the State of New York, but not specifically by Defendant. *See* Dkt. No. 1. The last two pages of Plaintiff's Complaint consist of a page from the January 20, 2010 Inspector General's Report, as well as a page from a CBS News article. *See id.* It is unclear what significance, if any, these attachments serve in relation to Plaintiff's allegations.

In short, Plaintiff's Complaint fails to adhere to the requirements under Rule 8 that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). As such, the Complaint is dismissed in its entirety without prejudice. *See Onwuka*, 2014 WL 1343125, at *4 (dismissing a complaint under Rule 8 because it "contained so much extraneous material as to make it impossible to discern plaintiff's claims"); *Salahuddin*, 861 F.2d at 43 (holding that the plaintiff's 15-page, single-spaced complaint did not comply with the Rule 8 requirement of a "short and plain statement" and thus, dismissed the complaint with leave to amend).

As noted above, Defendant raised an additional problem with Plaintiff's Complaint, which Defendant contends warrants dismissal. Under Fed. R. Civ. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" in order "to 'provide an easy mode of identification for referring to a particular paragraph in a prior pleading.'" *See One Beacon America Ins. Co. v. Comsec Ventures Int'l, Inc.*, Civ. No. 8:07-CV-900 (GLS/RFT), 2008 WL 189893, *2 (N.D.N.Y. Jan. 17, 2008) (quoting *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992)).

4

In the present matter, Plaintiff's Complaint consists of long, drawn-out paragraphs that each contain allegations of discrimination that extend over a 27-year period. *See generally* Dkt. No. 1. The lack of organization and pointed division of the allegations in Plaintiff's Complaint make it difficult to discern which incidents are pertinent to this cause of action. Under these circumstances, the Court finds that the interests of Justice would be best served by dismissing the Complaint with leave to replead.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff does not timely file an amended complaint, the Clerk of the Court is instructed, without further order of the Court, to enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 29, 2014
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge